# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER NICASTRO, individually, and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>                      Defendant. | Case No. 1:21-CV-11949-FDS |

## DEFENDANT STAPLES INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME *NUNC PRO TUNC*

## INTRODUCTION

Staples, Inc. ("Staples")[1] timely filed its motion to dismiss the Complaint of Plaintiff Heather Nicastro on April 4, 2022. ECF 14. Plaintiff's response was due no later than April 18, 2022. Loc. R. 7.1(b)(2). Plaintiff did not timely respond and took no further action until the court in a separate case in which her counsel represents another plaintiff filing a similar right-of-publicity claim issued an order to show cause. Now, purporting to blame her negligence on local counsel's negligence, Plaintiff seeks an enlargement of her time to file a brief in opposition to the pending motion to dismiss. Such relief is unwarranted on both factual and legal grounds. As a factual matter, Plaintiff's primary counsel, who now claims not to have known of the schedule in this case, was not only on constructive notice but had actual knowledge, weeks before the motion to dismiss was filed, of both the deadline for Staples to respond to the Complaint and the fact that Staples intended to file the motion to dismiss all three of the right-of-publicity claims now pending in this district. Further, Plaintiff neither acknowledges nor satisfies the applicable legal standard that requires her to establish excusable neglect for her failure to file a timely response. Because there was no such excusable neglect under well settled case law, the Court should deny Plaintiff's motion for an enlargement of time *nunc pro tunc*. In the alternative, if the Court grants the enlargement, it should also as a matter of fairness grant leave for Staples to file a reply brief within fourteen days of the Court's order.

---

[1] Staples-branded retail stores in the United States are operated by certain non-subsidiary affiliates of Staples, Inc. For purposes of this motion only, however, and without waiving any defenses relating to the distinction between Staples, Inc. and other entities, the term "Staples" will be used herein to refer to both Staples, Inc. and the non-party affiliates that operate the Staples-branded retail stores.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed her Complaint asserting a claim under the Ohio Right of Publicity Law, Ohio Rev. Code § 2741.01, *et seq.* (the "ORPL"), on December 3, 2021. ECF 1. On the same day, Plaintiff's counsel filed two other similar lawsuits on behalf of other plaintiffs asserting parallel claims under the laws of Illinois and California. *See Marjorie Aitken v. Staples, Inc.*, 1:21-cv-11947-DJC, ECF 1 (Dec. 3, 2021) (asserting right of publicity claim under Illinois law); *Sheila Duckworth v. Staples, Inc.*, 1:21-cv-11950-WGY, ECF 1 (Dec. 3, 2021) (asserting right of publicity claim under California law).

At first, the three actions proceeded on identical schedules. In each case, Staples moved on consent for an extension of the time to respond on January 12, 2022; then again on February 9, 2022, and finally on March 3, 2022. *See* ECF 6, 8 & 10; *Aitken*, ECF 6, 8, & 10; *Duckworth*, ECF 6, 8, & 10. In each case, the first and second requests were granted in full; but the third request produced differing results: in this case and *Aitken,* the Court granted the third request in full and set a response deadline of April 4, 2022, while in *Duckworth*, the Court partially granted the third request and set a response deadline of March 16, 2022 (making clear that it would approve "[n]o further extensions"). *See* ECF 7, 9 & 11; *Aitken*, ECF 7, 9 & 11; *Duckworth*, ECF 7, 9 & 11. As relevant here, Plaintiff's lead counsel at the firm of Hedin Hall – the same counsel who now claim to have been left in the dark about the applicable deadlines due to personnel changes at the firm serving as Plaintiff's local counsel – directly consented to the proposed extensions and therefore knew of each relevant deadline. *See* Declaration of James Orenstein, submitted herewith ("Orenstein Decl."), Exs. A-C (emails from Plaintiff's counsel).[2] Further,

---

[2] The cited materials are offered solely for the purpose of demonstrating that Plaintiff's failure to timely file her opposition to the motion to dismiss was not the result of excusable neglect. *See* Fed. R. Evid. 408(b).

lead counsel knew not only that Staples' response in this case was due on April 4, 2022, but also knew that Staples planned to seek dismissal of all three cases, with the first motion to dismiss to be filed in *Duckworth* on March 16, 2022. Indeed, after an earlier statement to that effect, Staples' counsel reminded Plaintiff's lead counsel of that intention on the *Duckworth* filing date itself. *See id*. Ex. D (email to plaintiff's counsel on March 14, 2022: "In light of the judge's order in *Duckworth*, our response to the complaint is due on Wednesday [March 16, 2022,] and you won't be surprised to hear that we plan to move to dismiss."); *id*. Ex. E (email to plaintiff's counsel on March 16, 2022: "Otherwise, we will go ahead and file our motion to dismiss today."). Plaintiff's lead counsel received those reminders and responded to them on the morning of March 16, 2022. *Id*. Ex. F.

Staples timely filed the pending motion to dismiss the Complaint in *Duckworth* for failure to state a claim, together with a supporting memorandum of law, on March 16, 2022. *Duckworth*, ECF 12 & 13. Plaintiff's opposition to that motion, if any, was due by March 30, 2022. Loc. R. 7.1(b)(2). In both this case and *Aitken*, Staples timely filed its motion to dismiss together with a supporting memorandum on April 4, 2022. ECF 14 & 15; *Aitken*, ECF 15 & 16. Plaintiff's opposition to each of those motions, if any, was due by April 18, 2022. Loc. R. 7.1(b)(2). Plaintiff's lead counsel is familiar with this Court's Local Rules, *see* ECF 19-1 ¶ 5, and was therefore aware of those response deadlines. Plaintiff nevertheless failed to file a timely opposition to the motion in any of the three cases. On April 21, 2022, the Court in *Aitken* issued an order to show cause by May 13, 2022, why that case should not be dismissed. *Aitken*, ECF 19. Plaintiff now seeks an enlargement *nunc pro tunc* of its time to respond to the motion to dismiss on the demonstrably false ground that a "calendaring error occurred **because of** a miscommunication in Local Counsel's office." ECF 22 at 1 (emphasis added).

## ARGUMENT

This Court set a schedule for this case based on the parties' agreement – an agreement to which Plaintiff's lead counsel at Hedin Hall personally assented. Staples has fully complied with that schedule, but Plaintiff has not. Plaintiff has not provided any cognizable basis to excuse that failure. In particular, her lead counsel's attempt to place the blame on local counsel's calendaring error – which would not in any event constitute excusable neglect under First Circuit law – is demonstrably false. The Court should therefore enforce its scheduling order and deny Plaintiff's motion to enlarge time *nunc pro tunc*.

Plaintiff does not identify any rule that authorizes the relief she seeks, nor does she acknowledge the existence of any legal standard governing her request. The reason is obvious: the law on the matter is clear and Plaintiff cannot satisfy its requirements. Plaintiff seeks leave to file her opposition to the pending motion to dismiss on April 26, 2022. Because the applicable rule made that opposition due no later than April 18, 2022, Loc. R. 7.1(b)(2), and because Plaintiff waited until after that deadline had expired to seek that extension, she must establish she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[3] Controlling case law makes clear that she cannot do so.

A court deciding whether a party's neglect is excusable should consider four factors: (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, those four factors do

---

[3] The excusable neglect standard under Federal Rule of Civil Procedure 6 applies to a request to extend a deadline established by the Local Rules of this Court. Fed. R. Civ. P. 6(a) ("[t]he following rules apply in computing any time period specified … in any local rule").

not weigh equally in the balance. *See Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020). "[B]y far the most critical is the asserted reason for the mistake." *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005); *see also Hospital del Maestro v. N.L.R.B.*, 263 F.3d 173, 175 (1st Cir. 2001) (per curiam) ("the excuse given for the late filing must have the greatest import") (citation omitted); *Hisert v. Blue Waters Dredging, LLC*, 2021 WL 1178301, at *2 (D. Mass. Mar. 29, 2021) ("The inquiry focuses primarily on the reason for the delay.").

The standard for whether the most important of the four *Pioneer* factors suffices is exacting and excludes a mere failure by counsel to attend to the calendar or the scheduling requirements of the Local Rules. "Mere 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect'." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000) (quoting *Pioneer Inv. Serv. Co.*, 507 U.S. at 392). "Rather, the would-be appellant must demonstrate unique or extraordinary circumstances." *Id*.

No such unique or extraordinary circumstances exist here. Plaintiff is represented by attorneys from two firms, one of which is apparently responsible for substantive litigation strategy and the other of which is serving as local counsel. There is nothing unremarkable in the arrangement and nothing that relieves counsel at **both** firms from the professional responsibility to ensure that they know when a dispositive motion has been filed and when they must oppose it. Plaintiff therefore cannot establish excusable neglect by claiming that her lead counsel was waiting for local counsel to let them know when her response to the motion to dismiss was due.

For example, in *Graphic Communications International Union, Loc. 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001), when the plaintiffs' filed their notice of appeal of the district court's order granting summary judgment to the defendant one day after the applicable deadline, the district court denied the request to extend the deadline. The plaintiffs'

Washington counsel had taken steps to have local counsel file the notice before the deadline, but local counsel – through a combination of ignorance of the applicable timing rule and staff inattention – failed to do so, and the court held that the mistake did not qualify as excusable neglect. *Id*. at *2, *7-8. Further, in denying the motion to extend time by a single day, the district court ruled that counsel's "inattention to detail" outweighed the fact that the other *Pioneer* factors – the lack of prejudice to defendants, the minimal length of the delay, and the absence of any evidence of bad faith – all favored granting the motion. *Id*. at *8. In affirming that decision, the First Circuit approvingly quoted the district court's reasoning with approval as follows:

> There were no "unique or extraordinary circumstances" at play here…. To find this neglect to be "excusable" would only serve to condone and encourage carelessness and inattention in practice before the federal courts, and render the filing deadline set in [the applicable rule] a nullity.

*Id*.; *see also United States v. Proceeds of Sale of 3,888 Pounds Atl. Sea Scallops*, 857 F.2d 46, 49 (1st Cir. 1988) (no excusable neglect where "Claimant's excuse for missing the filing deadline is that he relied on erroneous advice from local counsel").

Further, there is no reason for the Court to credit the Plaintiff's attempt to blame local counsel for her failure to comply with the applicable deadline. The record is clear that Plaintiff's lead counsel knew that Staples had to respond to the Complaint by April 4, 2022. Lead counsel personally consented to Staples' motion to extend that deadline to that date, *see* Orenstein Decl. Ex. C, and had a responsibility to learn the outcome of that motion. Even if Plaintiff's lead counsel did not inquire and local counsel did not tell them (which would not constitute excusable neglect in any event), Staples' counsel repeatedly informed lead counsel – weeks before filing, when discussing the earlier deadline in *Duckworth* – that Staples would file a motion to dismiss. *See id*. Ex. D ("we plan to move to dismiss"); *id*. Ex E ("[W]e will go ahead and file our motion to dismiss today."). Finally, Plaintiff's lead counsel is familiar with this Court's Local Rules, and

6

therefore knew that Plaintiff would have to respond to a motion to dismiss within fourteen days, or by April 18, 2022. *See* ECF 19-1 ¶ 5; Loc. Civ. R. 7(b)(2). In such circumstances, there is simply no cognizable excuse for Plaintiff's failure to file a timely response.

Although Staples has not found any reported case deciding a motion to extend time under Rule 6 in comparable circumstances where a plaintiff's counsel simply lost track of the deadline for responding to a motion to dismiss, courts in this circuit routinely deny relief under Federal Rule of Civil Procedure 60(b) on the ground that comparable attorney inattention is not excusable. *See*, *e.g.*, *Deo-Agbasi v. Parthenon Grp.*, 229 F.R.D. 348, 349 (D. Mass. 2005) (denying Rule 60(b) relief following grant of dismissal motion where plaintiff did not timely respond to motion and writing that "[a] heavy workload and/or inattention of an attorney do not ordinarily constitute excusable neglect"); *see also Sheedy v. Bankowski*, 2017 WL 74282, at *3 (D. Mass. Jan. 6, 2017), *aff'd sub nom. In re Sheedy*, 875 F.3d 740 (1st Cir. 2017) ("The First Circuit has explicitly observed that the excuse that the 'attorney was preoccupied with other matters ... has been tried before, and regularly has been found wanting.'") (quoting *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994)).

Staples has diligently worked to conform to this Court's scheduling orders and the local rules. Plaintiff has not, and her failure should not be rewarded with yet another opportunity to force Staples to expend resources defending a case that lacks any legal or factual merit. The Court should therefore deny Plaintiff's motion for an enlargement of time *nunc pro tunc*.

In the event the Court grants the motion, Staples respectfully requests an opportunity to file a reply brief within fourteen days of the Court's order, so that it may address both the aspects of the dismissal motion to which Plaintiff has not responded at all and those that distort the record and pertinent legal authorities.

## CONCLUSION

For the reasons explained above, Staples respectfully requests that the Court deny Plaintiff's motion for an enlargement of time *nunc pro tunc*. In the alternative, if the Court grants the motion, Staples respectfully requests an opportunity to file a reply brief within fourteen days of the Court's order.

Dated: April 26, 2022          Respectfully submitted,

                                 STAPLES, INC.

                                 By its attorneys**:**

                    By:   /s/ James Orenstein
                               James Orenstein (BBO# 550749)
                               ZWILLGEN PLLC
                               183 Madison Avenue, Suite 1504
                               New York, NY, 10016
                               Phone: (646) 334-2490
                               orenstein@zwillgen.com

                               Jeff Landis (*pro hac vice*)
                               ZWILLGEN PLLC
                               1900 M Street NW, Suite 250
                               Washington, DC 20036
                               Phone: (202) 296-3585
                               Facsimile: (202) 706-5298
                               jeff@zwillgen.com

## CERTIFICATE OF SERVICE

I, James Orenstein, hereby certify that on this 26th day of April, 2022, this document was electronically filed with the Clerk of Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Local Rule 5.4(C).

/s/ James Orenstein
James Orenstein
